STATE OF FLORIDA ex rel. THE CRUMMER COMPANY, a corporation organized and existing under the laws of the State of Delaware, v. JAMES M. LEE, EDWIN LARSON and J. TOM WATSON, as and constituting the Florida Securities Commission.

16 So. (2nd) 294
January 18, 1944
Rehearing Denied February 8, 1944

January Term, 1944
Special Division A

18

*D. C. Hull, Erskine W. Landis, John L. Graham* and *J. Compton French,* for relator.

*J. Tom Watson,* Attorney General, and *Lewis W. Petteway,* Assistant Atorney General, for respondents.

BUFORD, C. J.:

On November 29, 1943 we issued peremptory writ of mandamus, as follows:

"To: James M. Lee, J. Edwin Larson and J. Tom Watson, As and Constituting the Florida Securities Commission:

"Greeting:

"Whereas, an Alternative Writ of Mandamus was issued in this cause on the 19th day of July, 1943, and

"Whereas this Court entered its judgment on the 29th day of October, 1943, sustaining relator's Demurrer to respondents' Return to the Alternative Writ of Mandamus, granting Relator's Motion to Strike Portions of the said Return, and granting Relator a Peremptory Writ, and

"Whereas,. Respondents have since filed a Petition for Rehearing, and said Petition for Rehearing has been denied,

"Now, Therefore, we being willing that full, direct and speedy justice be done in the premises, do command and direct you, James M. Lee, J. Edwin Larson and J. Tom Watson, as and constituting the Florida Securities Commission, to forthwith convene and register the relator, The Crummer

Company, a corporation organized and existing under the laws of the State of Delaware, as a dealer in the following class of securities, to-wit, securities issued by a Public Commission, Board, or Officers of the Government of the United States, or of any State, Territory or Insular Possessions thereof, or of any municipality located therein, or of the District of Columbia, or of the Dominion of Canada, or of any province thereof.

"Herein fail not, and have you then and there this Writ."

Relators have now presented motion to make peremptory writ of mandamus effective in which motion it is alleged that certain proceedings were had culminating in the issuance of the foregoing peremptory writ of mandamus and further allege

"That the said peremptory writ of mandamus was issued by this Court on, to-wit, the 29th day of November, 1943, and was served upon the respondents on said date, and the certificate of registration issued to the relator after the service of said peremptory writ, as aforesaid, was issued under date of November 29, 1943; that a true and correct copy of said certificate of registration issued by the respondents to the relator as aforesaid, is hereto attached, marked Exhibit A, and by reference made a part of this motion.

"6. That under the laws of Florida, one of the privileges acquired by reason of registration by the Florida Securities Commission as a dealer in securities is the right, upon compliance with provisions set forth in the statute, to renew said registration from year to year; that the provisions upon which this right of renewal is predicated are as follows: (1) a written application for renewal must be filed with the Florida Securities Commission not less than thirty nor more than sixty days before the first day of the ensuing year; (2) the written application for renewal must be accompanied by payment of the fee prescribed by statute; that the statute specifically provides that if these conditions are not complied with, the applications for renewal 'shall be treated as original applications'; and that a true and correct copy of a circular letter, dated November 1, 1943, and received from the

Florida Securities Commission is hereto attached, marked Exhibit B, and by reference made a part hereof.

"7. That on, to-wit, the 29th day of November, 1943, the relator duly filed with the Florida Securities Commission its written application for renewal of its registration as a dealer in the class of securities above enumerated, and filed with said written application the renewal fee of $100.00 prescribed by statute; that a true and correct copy of relator's said written application is hereto attached, marked Exhibit C, and by reference made a part hereof; that as an incident to its registration as a dealer in the class of securities above enumerated, which registration had been accomplished pursuant to the peremptory writ of mandamus herein, the relator was entitled, upon so complying with the statutory conditions above referred to, to have its registration as a dealer renewed for the year beginning January 1, 1944.

"8. That on January 4, 1944, the relator had heard nothing from the Florida Securities Commission concerning the renewal of its registration and had received no certificate of renewal of said registration; that because other dealers in securities in the same community had already received certificates of renewal of their registrations, the relator became apprehensive and sent a telegram to the Florida Securities Commission in words and figures as follows:

January 4, 1944

"Florida Securities Commission
Tallahassee, Florida

"Have not received your renewal or dealer registration permit for year 1944. Please advise by wire if same has been issued and mailed by your office.

"The Crummer Company

"WJM:MS
"3:40 P. M.
"DLC CHG.

"9. That on the next afternoon, towit, January 5, 1944, the relator received a telegram in words and figures as follows:

"JNA 157 37 1 Extra          Tallahassee, Flo   5 217 P
                                    1944 Jan 5 PM 239

"The Crummer Company
First National Bank Bldg Orlando Flo

"Time for hearing under your application for dealers registration set for January twenty sixth at two thirty PM office State Treasurer Letter follows giving details of action taken by Commission under which this telegram is being sent.

"J. Edwin Larson, Chairman
Florida Securities Commission.

that the relator on to-wit, the 7th day of January, 1944, received a copy of what purports to be an order of the Florida Securities Commission, dated the fifth of January A.D. 1944; that said order, according to the copy received by relator, is in words and figures as follows:

"To the Crummer Company,
First National Bank Building,
Orlando, Florida.

Greetings:

"Notice of Hearing and to Show Cause.

"You are hereby notified that the Florida Securities Commission will hold a hearing on your application for renewal of registration as dealer in governmental securities at 2:30 P.M. Wednesday, January 26, 1944, in the office of the State Treasurer, at the Capitol, in Tallahassee, Florida, and you are hereby required to appear at said hearing and show cause why the Florida Securities Commission should not deny said application on the ground that said applicant has demonstrated its unworthiness to transact the business of a dealer in governmental securities in the State of Florida.

"By order of the Florida Securities Commission this fifth day of January, A. D. 1944, at Tallahassee, Florida.

J. Edwin Larson
_____
J. Edwin Larson, Chairman
Florida Securities Commission

"Attest:
Juanita Forbes
Secretary

"10. That the action taken by the respondents, as evidenced by the order above quoted, more than five weeks after the filing of the written application of the relator for renewal of registration as aforesaid, and only then after the relator had dispatched a telegram inquiring about said renewal of registration, constitutes an attempt on the part of the respondents to evade full and complete compliance with the peremptory writ of this Honorable Court in this cause; that the registration peremptorily commanded by this Honorable Court was nothing less than à full and complete registration entitling the relator as registrant to all of the privileges incident to such registration, including the privilege of renewing said registration upon compliance with the statutory conditions hereinabove set forth; that in denying to the relator the right to renew upon performance of said conditions, the respondents are to that extent failing to comply with the peremptory writ heretofore issued by this Honorable Court, as aforesaid."

The motion was set down for hearing before us on the 17th day of January 1944. Thereupon, motion was presented with argument of counsel for the respective parties and duly considered.

Our conclusion is that the law of this case follows our opinion and judgment in the case of State ex rel. Kennedy v. Knott, 123 Fla. 295, 166 So. 835.

It, therefore, follows that when our peremptory writ of mandamus issued as stated, supra, it carried with it all the benefits which flowed from the issuance of the permit therein required and that the Relator thereby became entitled to all rights accruing under the provisions of Sec. 517.12 Fla. Statutes, 1941. Under this statutory provision, the Relator, upon complying with such statute, was entitled to the issuance of a renewal certificate as of January 1, 1944.

The premises considered, it is now ordered, adjudged and decreed that the respondents, James M. Lee, J. Edwin Larson and J. Tom Watson as and constituting the Florida Securities Commission, do forthwith issue unto the said The Crummer Company, a corporation organized and existing under the

laws of the State of Delaware, its renewal certificate certifying that

"The Crummer Company
First National Bank Building
Orlando, Florida

"Is Registered with the Florida Securities Commission As A Dealer Pursuant to Section 11, Chapter 14899, Laws of Florida, Acts 1931, As Amended, Having Complied with the Requirements of Said Law, to Sell:

"Securities issued by a Public Commission, Board of Officers of the Government of the United States or of any State, Territory or Insular possession thereof, or of any municipality located therein, or of the District of Columbia, or of the Dominion of Canada, or of any province thereof."

This Order, however, is without prejudice to the said respondents to at any time proceed in the manner prescribed by law to vacate and cancel the registration of the said The Crummer Company for any legal ground or cause occurring either prior or subsequent to the issuance of the certificate herein required to be issued and not set at rest by our peremptory writ of mandamus issued herein on November 29, 1943.

It is so ordered.

BROWN, CHAPMAN and ADAMS, JJ., concur.